## KILLINGSWORTH v. GENERAL MOTORS ACCEPTANCE CORPORATION et al.

### No. 1030.

Court of Civil Appeals of Texas. Waco.
March 26, 1931.

W. T. Thomason, of Wortham, for appellant.

A. C. Buckner, of Houston, and A. B. Geppert, of Teague, for appellees.

GALLAGHER, C. J.

Appellant J. H. Killingsworth, a resident of Navarro county, Tex., sued appellees, General Motors Acceptance Corporation, hereinafter called Acceptance Corporation, and Hearne-Wilson Chevrolet Company, hereinafter called Chevrolet Company, both corporations, in the district court of Freestone county, and for cause of action alleged that appellees had unlawfully taken possession of his automobile and converted the same to their own use and benefit. He sought to recover both actual and exemplary damages for such conversion.

Appellant alleged that on or about October 25, 1929, the Chevrolet Company sold to him a Chevrolet sedan for $853.50; that the seller agreed to accept, and did accept, his old car at the agreed valuation of $425 in lieu of a cash payment; that the remainder of the purchase price was to be paid by him in monthly installments of $36 each, beginning on December 5, 1930; that the seller undertook to prepare in triplicate a contract embodying the terms so agreed upon; that the seller did prepare one copy of such contract by filling the blanks in its regular sales contract form according to such agreement; that the seller stated to him that the blanks in the two remaining copies would be filled in the same manner; that, relying thereon, he, at the request of the seller, signed the copy so prepared and two additional blank forms of such contract; that the seller delivered to him the completed copy and retained the two signed by him in blank; that

the seller, in violation of said agreement, filled out one of said forms signed by him in blank as aforesaid, so as to make the first installment of the deferred payments due December 5, 1929, and one each month thereafter. Appellant set out in his petition in detail the terms and provisions of said sales contract. Said provisions, so far as material herein, were that the deferred payments should begin on December 5, 1930; that such payments should be made at the office of General Motors Acceptance Corporation designated by it; that title to the property should not pass to the purchaser until the purchase money had been paid in full; that the assignee of such contract should be entitled to all the rights of the seller thereunder; that, under certain contingencies, not necessary to recite, the holder thereof might declare all unpaid installments thereon immediately due and payable; that, if the purchaser failed to comply with the terms thereof, the seller, or any officer of the law, should have the right to take immediate possession of the automobile and resell the same at public or private sale; that the proceeds of the sale should be applied first to the expense of retaking the property, and then to the discharge of the balance of purchase money then due; that any surplus after satisfying such demands should be paid to the purchaser; that, in case such proceeds were insufficient to satisfy the purchase money unpaid, the purchaser should be liable therefor. Appellant further alleged that on or about December 15, 1929, the Acceptance Corporation mailed a notice to him that an installment of $36 was due on said contract; that on or about January 5, 1930, it mailed him a second notice, claiming that $72 was then due on said contract; that representatives of the Chevrolet Company sent for him to come to their office in Wortham, and demanded payment of said sum of $72; that they agreed to store the automobile in their garage at Wortham until they could get the matter adjusted with the Acceptance Corporation; that they promised him he should not lose his automobile because of the substantial payment he had made thereon; that, relying on said representations, he left his car with them; that thereafter, on or about January 5, 1930, said corporations unlawfully took possession of his automobile and converted the same to their own use and benefit. Appellant further alleged that his car at the time of such conversion was of the reasonable cash value of $853.50, and sought to recover such sum as actual damages, and the further sum of $1,926.75 as punitive damages.

Appellee Chevrolet Company pleaded only a general denial.

Appellee Acceptance Corporation pleaded a general denial, and, in addition thereto, pleaded specially that it purchased said sales contract from said Chevrolet Company before maturity in good faith and for value, and without notice of any infirmity therein, and especially without notice of the matters alleged by appellant; that it was therefore a holder thereof in due course; that by the terms thereof the first installment became due December 5, 1929; that appellant failed to pay the same; that for such default it had declared the entire amount due and payable, as authorized by the terms thereof; that it did not repossess said automobile nor conspire with its codefendant to repossess the same. It attached a purported copy of said sales contract to its answer.

The case was tried to a jury, which, in response to a peremptory instruction by the court, returned a verdict in favor of both defendants. The court, on the 19th of July, 1930, rendered judgment thereon that appellant take nothing by his suit, and that appellees go thence without day and recover their costs. Said judgment is here presented for review.

### Opinion.

Appellant presents a proposition complaining of the action of the court in refusing to permit him to introduce in evidence the copy of the sales contract filled out, signed and delivered to him at the time he purchased the automobile. Appellant testified that he bought the automobile from the Chevrolet Company on October 25, 1929; that the purchase price agreed upon was $853.50; that the seller took his old car, gave him credit for $425.00 therefor, and agreed to wait for the remainder of the purchase price until the fall of 1930. The witness thereupon produced a copy of the sales contract and testified to the execution thereof. The provisions thereof were substantially as alleged in appellant's petition. According to the terms thereof, the remainder of the purchase price was to be paid in installments of $36 each, beginning December 5, 1930. At the top thereof appeared the words, "Duplicate Original, To Be Delivered To Purchaser." The concluding paragraph recited that it was executed in triplicate, one copy of which was delivered to, and retained by, the purchaser. It was dated October 25, 1929. Appellant testified that at the time he signed the same the seller presented to him two other instruments in the same form, and promised and agreed that the blanks therein would be filled the same as the copy which appellant had just read and signed; that he relied on such promise and agreement, and signed both of the same in blank. Appellant's testimony in this connection was uncontroverted. The president of the Chevrolet Company, who represented said corporation in making said sale and preparing said contract, testified that he delivered one copy thereof to appellant, one copy to General Motors Acceptance Corporation, and that he sent the

third to the county clerk of Navarro county to be filed as a chattel mortgage. Appellees objected to the introduction of appellant's copy of said sales contract on the sole ground that the original sales contract was the best evidence. The court sustained said objection. Where an original instrument or writing is made or executed in duplicate or in a greater number of counterparts, each duplicate or counterpart is primary evidence, and is admissible without the necessity of producing the other copy or copies or accounting therefor. 22 C. J. p. 1023, § 1313, and authorities cited in note 59; 10 R. C. L. p. 924, par. 86, and authorities cited in note 17. When a variance is discovered between such duplicates, which of the same correctly recites the actual contract is a question of fact to be determined from all the evidence. The court erred in excluding appellant's copy of the sales contract. The triplicate copy of said contract filed as a chattel mortgage in Navarro county, or a properly certified copy thereof, offered in evidence and excluded, was also admissible as tending to prove that the real contract agreed upon between appellant and the seller of said automobile was that payment of installments on the remainder of the purchase price should begin December 5, 1930, as contended by appellant. Said sales contract was not a negotiable instrument. The copy thereof delivered to the Acceptance Corporation was subject in its hands to all defenses which might have been urged against it in the hands of the Chevrolet Company.

According to appellant's testimony, which was not disputed, the copy of such contract in the hands of the Acceptance Corporation was signed by him under the express promise and agreement that the blanks therein should be filled as in the copy delivered to him. The Chevrolet Company afterwards filled said blanks in the copy delivered by it to the Acceptance Corporation. If its representative did so agree, and violated such agreement in filling the blanks in the copy so delivered, such action was fraudulent, and such copy unenforceable and void. Of course, if the contract actually agreed upon by appellant and the Chevrolet Company was that the payment of installments on the unpaid purchase money should begin December 5, 1930, as recited in the copy of the contract which he testified was delivered to him, and which was offered in evidence and excluded as aforesaid, he was not in default at the time he was induced to surrender said automobile to appellees.

■■ Appellant, for the purpose of showing demand for the surrender of his au-

tomobile, offered in evidence a letter written by his attorney to the Acceptance Corporation. The letter so offered contained a clear and succinct statement of the facts as appellant contended them to exist, and stated that, if some adjustment was not made, he would file suit for possession of his car. Appellees objected to the introduction of such letter on the ground that the statements therein were hearsay. The court sustained the objection. Appellant testified that demand on him for a payment on his indebtedness for said car was made in December, 1929, and again in January, 1930; that, after the second demand, representatives of the Chevrolet Company said that they did not want to take his car away from him, but, if he would leave it with them, they would store it until they could make it all right with the Acceptance Corporation; that he did leave it with them, and they stored it at their place of business in Wortham. Mr. Hearne of the Chevrolet Company testified that they stored said car for the Acceptance Corporation. The testimony showed that said car was thereafter, without notice to appellant and without authority from him, removed from said storage by the employees of the Chevrolet Company and carried to Teague. Appellees did not tender it nor reveal what had been done with it after such removal. We think such testimony tended to show such repudiation of the purported bailment and such acts of control and dominion over appellant's car as to raise an issue of conversion, regardless of a formal demand for its return. Wagner v. Marple, 10 Tex. Civ. App. 505, 31 S. W. 691, 693 (writ refused); Stidham v. Lewis (Tex. Civ. App.) 23 S.W. (2d) 851, 852, pars. 1 and 2; Block Motor Co. v. Melia (Tex. Civ. App.) 247 S. W. 666, 668, pars. 3 and 4; Gray v. Black (Tex. Civ. App.) 267 S. W. 291, 294, par. 11 (reversed on other grounds [Tex. Com. App.] 280 S. W. 573); American Surety Co. v. Hill County (Tex. Civ. App.) 254 S. W. 241, 245, par. 2. Should appellant deem proof of demand necessary in a subsequent trial, and should offer to read in evidence so much of said letter as recites the purchase of said car, the consideration therefor, the amount of purchase money remaining unpaid, the surrender of the same to the Chevrolet Company, all of which was shown by uncontroverted testimony, and the demand for adjustment upon the alternative of suit by him for possession of the car, the same should be received for the purpose of establishing such demand. Ætna Insurance Co. v. Fitze, 34 Tex. Civ. App. 214, 78 S. W. 370, 371 (writ refused).

The judgment of the trial court is reversed, and the cause remanded.