## HUGHEY v. DONOVAN.

### No. 10897.

Court of Civil Appeals of Texas. Galveston.

Dec. 21, 1939.

Rehearing Denied Jan. 11, 1940.

Lem Wray, of Waxahachie, for appellant.

Chas. E. Kamp, Wilmot F. Warner, and Glenn A. Perry, all of Houston, for appellee.

CODY, Justice.

This is a plea of privilege case, arising under Section 5 of Article 1995, Vernon's Ann.Civ.St.

Appellee, who was plaintiff below, alleged in substance that appellant had entered into a contract with one Skinner to manufacture and sell not less than a certain specified number of "Skinner Drill Collar Reamers", paying to the said Skinner at Houston, Texas, the sum of $10 for each such drill collar reamer, as royalty therefor. Appellee's petition which copied verbatim the contract which it alleged, among other things, indicated that the contract sued on was executed in duplicate originals. Appellee alleged that, by assignment, he had succeeded to Skinner's rights, etc.

Appellant filed a plea of privilege in usual form, setting forth that he was not a

resident of Harris County at the institution of the suit, nor at any time thereafter; that the county of his residence at all such times was and is Ellis County; and that "no exception to exclusive venue in the county of one's residence, provided by law, exists in said cause."

Appellee filed a Controverting Affidavit to appellant's plea of privilege wherein appellee expressly stated that the quoted portion of the plea of privilege was false and untrue, and set forth in said Controverting Affidavit a copy of his petition theretofore filed in the cause, and averred in said Controverting Affidavit that the allegations of the petition were true; and further, that said allegations show, and that it is a fact, that defendant executed, within the meaning of Section 5 of Article 1995, a contract in writing, expressly naming Harris County as the place of performance, where the payment due thereon should be paid.

At the trial it was proved that Skinner was dead; that the contract, the copy of which was set out in appellee's petition and copied in his Controverting Affidavit, was executed in the presence of a witness in duplicate originals by appellant and Skinner; that one of the originals was left with appellant, the other with Skinner; that Skinner returned to Houston with such witness, who made an exact copy of such contract from Skinner's duplicate; that appellant's attorney had been duly served with notice to produce at the trial appellant's duplicate of the original contract, or that secondary evidence thereof would be offered; that appellant did not take the stand or give any excuse for failure to produce the duplicate of the original contract which was proved to be in his possession, and which he was notified nine days before the trial would be proved up by secondary evidence if he did not produce the original. Appellee's proof was to the effect that he did not have the Skinner duplicate of the original, and that Mrs. Skinner had turned over what she stated was all of Skinner's papers that she could find, and the Skinner duplicate was not among such papers. The proof further showed that, at the instigation of appellant, Skinner and appellant acknowledged their execution of the contract before a notary in Ellis County, at the time it was executed.

Appellant contends the judgment of the trial court should be reversed on three grounds.

1. That a plaintiff, seeking to establish venue by force of Section 5 of Article 1995, must not only prove the execution of the written instrument sued on, but must produce in open court the very instrument itself—that under no condition or circumstances whatever can a plaintiff, under this exception to the venue statute, prove up such instrument by secondary evidence.

2. That the proof made by appellee was insufficient to authorize the admission of secondary evidence of the contents of the instrument he sued on.

3. That there was a fatal variance between appellee's allegations and proof, in that appellee's pleadings nowhere disclosed the fact that the parties to the contract sued on had acknowledged its execution before a notary public, yet his proof did.

We overrule appellant's assignments of error.

■ It would be difficult to imagine a set of facts that would show more strongly the want of merit in appellant's first contention than does the set of facts here presented, in behalf of which such contention is urged. For, under the proof made in this case, appellant had possession of an original of the contract sued on by appellee—a contract to which appellee was not a party, and apparently had no original of, and no right to an original—and could, therefore, according to such contention, defeat the rights given by law to sue for the performance thereof in Harris County, by refusing to produce the original at the trial, after due notice.

■ The requirement that a written contract must be produced at a trial where such a contract is involved, or if not produced, the failure to do so satisfactorily explained as a condition to the admission of secondary evidence thereof, is merely the requirement that such contract be proved by the best evidence of which it is susceptible. One duplicate original of a contract will satisfy the requirements of the best evidence rule, as well as any other. Appellee was not suing on Skinner's duplicate of the contract, any more than he was suing on appellant's duplicate of it. And he apparently had no higher right or duty to produce the Skinner duplicate copy in court at the trial, than he had to produce appellant's duplicate. In any event, in this case appellant has no just grounds for complaining that the contract was not proved up by the production of a duplicate

original thereof, because the undisputed proof shows that appellant had a duplicate original, and had timely notice to produce it unless he wanted it proved up by secondary evidence.

 It seems to be appellant's contention that, by filing his plea of privilege, he thereby established a plea of non est factum in relation to the contract sued on. Even though the full force and effect of a plea of non est factum is attributable to a plea of privilege, where suit is brought on a contract performable by its terms in a named county, yet the issues made by a plea of privilege and the controverting affidavit must be tried in the court where filed. In other words, after appellee filed his controverting affidavit in the district court of Harris County, in reply to appellant's plea of privilege theretofore filed there, he had the right to try issues so made as to venue in Harris County. When he proved the execution of the contract in question in the form of duplicate originals, one copy of which was delivered to Skinner, and one copy of which was delivered to appellant, and that he had duly notified appellant that if appellant did not produce his, appellant's duplicate, secondary evidence would be offered, appellee fulfilled the law. Certainly the fact that one duplicate original was delivered to Skinner, from whom appellee derived his rights, did not have the effect of transforming appellant's duplicate into secondary evidence of the contract, into evidence that could be offered only after the Skinner copy had been proved to have been lost or destroyed. The proof before us presents the simple case of where appellant, a party to a suit, had in his possession at the time of the trial primary evidence of the contract sued on by appellee, and, though duly notified to produce such primary evidence if he did not wish the contract established by secondary evidence, failed to do so.

Of course there are cases where the courts have said that in order for a plaintiff to hold venue under section 5 of the venue statute, the plaintiff must not only prove the execution of the instrument sued on, but must also introduce the instrument itself as evidence. In each of the cases where the court has held that a plaintiff must introduce the contract itself into evidence, it will be found that the court was not holding contrary to established usage with reference to the best evidence rule,

but in exact conformity with it, and the cases so cited are not in point.

What has been said likewise disposes of appellant's contention that the proof made by appellee was insufficient to authorize the admission of secondary evidence of the contract sued on.

 There was no variance between the terms of the contract as pled, and the terms as proven. We gather that appellee did not know that the contract was acknowledged before a notary before such fact was proved at the trial. Such acknowledgment formed no element of the contract sued on, and there was no legal reason why it should have been pled, but certainly proof that the contract was acknowledged was not at variance with allegations that were completely silent with reference to whether such contract had been acknowledged or not.

The judgment of the court below is affirmed.

Affirmed.