### HICKS RUBBER CO. v. PORT IRON & SUPPLY CO.

No. 4797.

Court of Civil Appeals of Texas. Beaumont.

Oct. 16, 1952.

Rehearing Denied Dec. 3, 1952.

Cantey, Hanger, Johnson, Scarborough & Gooch, Ft. Worth, for appellant.

King, Sharfstein & Rienstra, Beaumont, for appellee.

PER CURIAM.

This cause was filed by Port Iron & Supply Company, plaintiff, against Hicks Rubber Company, a corporation, and T. P. Lovell, defendants, in the district court of Jefferson County, Texas. The suit as filed by plaintiff was for breach of contract, to recover the sum of $797.84. Appellant Hicks Rubber Company filed its plea of privilege, asking the transfer of such cause to the district court of Tarrant County, Texas, the county of its domicile, on the 11th day of July, 1951, and thereafter Port Iron & Supply Company filed its controverting affidavit to the plea of privilege. On the 10th day of September, 1951, hearing was had in the district court of Jefferson County, Texas, 58th Judicial District, and an order was entered by the judge of said court overruling appellant's plea of privilege, to which judgment the appellant excepted and gave notice of appeal and later perfected its appeal.

The appellee, Port Iron & Supply Company, is a corporation domiciled in Port Arthur, in Jefferson County, and engaged in the business of buying and selling second-hand equipment, machinery and scrap iron. Hicks Rubber Company is a corporation with its office and principal place of business at 3724 North Commerce Street, Fort Worth, Tarrant County, Texas. Hicks Rubber & Salvage Company is an unincorporated business owned and conducted by Mr. Lee Hicks at 3724 North Commerce Street in Fort Worth, Tarrant County, Texas. Mr. Lee Hicks owns and manages Hicks Rubber & Salvage Company and is also president of Hicks Rubber Company. Hicks Rubber Company is not active and has not been for some time. From the evidence in the case the correspondence of Hicks Rubber Company in the present controversy was signed by Mr. Lee Hicks. In July, 1949, the appellee entered into negotiations with a Mr. Tom Lovell for the purchase by appellee of 500 swivels or anchor shackles which were in a warehouse in Stockton, California, and which were the property of Hicks Rubber & Salvage Company, or Mr. Hicks, or Hicks Rubber Company. All negotiations with the appellee Port Iron & Supply Company were made by Mr. Lovell. The negotiations culminat-

ed in an agreement over the telephone, by which appellee agreed to buy the shackles at a cost of $3 each, and also agreed to pay the freight from Stockton, California to Port Arthur, Texas. Lovell agreed to ship the shackles by the cheapest available transportation and shipment was to be made with the bill of lading to the order of the shipper, notify Port Iron & Supply Company, with draft attached. These verbal negotiations were completed and on July 27, 1949, Port Iron & Supply Company wrote a letter to Hicks Rubber & Salvage Company which was as follows:

"Hicks Rubber & Salvage Company
   "Ft. Worth, Texas
"Gentlemen:
   "Per our telephone conversation of today's date with Mr. T. P. Lovell, Dallas, Texas, please find enclosed an order for 500 swivels or shackels, whatever you prefer to call them, per the sample which you sent me. The price of these swivels (or shackels) is to be $3.00 each F.O.B. Stockton, California.
   "You may send this car C O D if you wish.
   "Thanking you for your prompt attention to this order, I am
            "Very truly yours
               Port Iron & Supply Company
                  H. M. Rosen
"HMR:ech
C.C.: T. P. Lovell
P.S. As our understanding, you should get $.50 apiece commission."

There was inclosed the appellee's purchase order No. 592 which was as follows:

"Invoice

Port Iron & Supply Co., Inc.
Wholesale and Retail Dealers in
Brass, Copper, Zinc, Aluminum, Scrap Iron, New And
Secondhand Pipe, Machinery, Old Rope
And Railroad Equipment

Port Arthur, Texas

Seventh and Titsingh
K.C.S. Tracks

Refer to
Invoice No. P. O. 592

Customer's
Order No. & Date
Requisition No.

Invoice Date July 27, 1949

Contract No.

Vendor's No.

Sold      Hicks Rubber & Salvage Company
To        Fort Worth, Texas
Shipped to and
Destination

Date Shipped          From      Prepaid or
                                Collect    C O D

Car Initials and No.  F.O.B.
How Shipped and
Route

Terms                 Purchase Order #592

| Quantity | Description | Unit Price | Amount |
|----------|-------------|------------|--------|
| 500 Swivels | | $3.00 | $1500.00" |

The shipment was completed, being made by a truck line, draft was paid by appellee and it received the swivels and afterwards learned that a shipment by railroad would have cost approximately $1,000 less than the shipment by truck line.

Suit was brought for the difference in freight costs and on the hearing on the plea of privilege the appellee sought to hold venue of the case in Jefferson County under subsections 5 and 23 of the Venue statute, contending that the appellant had contracted in writing to perform an obligation in Jefferson County, and that suit was brought to enforce an obligation contracted to be performed in Jefferson County and that suit was brought in the county in which the cause of action or a part thereof arose, against a corporation.

■ The appellant's points 1 and 2 complain of the action of the trial court in receiving in evidence over its objection the letter from Port Iron & Supply Company to Hicks Rubber & Salvage Company and the purchase order transmitted with such letter. The objections were that the letter was addressed to Hicks Rubber & Salvage Company and not to Hicks Rubber Company, the appellant, and also that the exhibits offered in evidence were secondary evidence and that the originals had not been properly accounted for. We believe that the evidence established satisfactorily that although the letter was addressed to Hicks Rubber & Salvage Company, Hicks Rubber Company acted upon it, adopted it and undertook to perform the contract reflected in the letter. On the authority of the case of Pittman & Harrison Company v. B. F. Robey & Company, Tex.Civ.App., 234 S.W. 1114, such a letter of confirmation became a contract in writing and we believe that the three copies of the letter, one forwarded to appellant, one forwarded to Lovell and one retained by the appellee and introduced in evidence were all properly regarded by the trial court as being originals of the contract made. All three of such instruments would, of course, be required to be signed only by the party writing it, Port Iron & Supply Company, and the copy which it retained was therefore also an original. Under the evidence the appellee made out a prima facie case that it did have a contract, that it had performed its portion of the contract and that appellant had undertaken to perform the other portions of such contract, and the trial court properly received in evidence the two documents complained of by appellant's points 1 and 2.

■ Appellant's third point is that the appellee did not on the hearing show that appellant had contracted in writing to perform an obligation in Jefferson County and that the trial court therefore was in error in overruling its plea of privilege to be sued in Tarrant County. The point of this argument is that even if the appellant had become a party to the contract to sell appellee the swivels and ship them from California to Port Arthur, Texas by the cheapest means of transportation and had failed to use the cheapest available transportation, still the suit was brought by the appellee against the appellant for damages for the breach of the agreement to ship by the cheapest means of transportation, the railroad. Necessarily the act of shipping began not in Jefferson County, Texas but in Stockton, California. It is apparent from the evidence that this shipment was made by bill of lading to the order of the shipper, notify Port Iron & Supply Company, with draft attached to the bill of lading for the full amount of the purchase price. A shipment on such terms and by such a bill of lading we think is sufficient to support the judgment of the trial court that venue in Jefferson County was thereby established. See: Shannon v. Bridgeport Brick Co., Tex.Civ.App., 283 S.W. 182 and cases therein cited, including Gottlieb v. Ainsworth, Tex.Civ.App., 229 S.W. 341.

Once we have arrived at this point in our consideration of this controversy, we have only one more problem to solve. Granted that there was a contract to deliver the shackles from California to Port Arthur, Texas at an agreed price of $3 each, payable by the draft attached to the bill of lading in Port Arthur, Texas, was the breach of the agreement to ship by the most economical means to be performed by the appellant in Jefferson County? While it was true as argued by the appel-

lant that such an agreement to ship necessarily involved initiating such shipment not in Jefferson County, Texas, but in Stockton, California, nevertheless we must regard this part of the agreement as being merely one feature of one contract and that since venue was established in Jefferson County, Texas by the shipment and the agreement to ship C.O.D., by a bill of lading to the order of the shipper and with a draft attached for the full amount of the purchase price, then any portion of the contract which was to be performed by the appellant must be deemed enforcible in the county where delivery and payment was to be made. For this reason we believe that the venue for a breach of the agreement sought to be enforced was in Jefferson County, Texas.

Appellant's Point No. 4, to the effect that appellee has not shown himself entitled to bring its suit in Jefferson County as the county in which its cause of action or a part thereof arose, we believe, for the reasons outlined in regard to the appellant's Point No. 3, must also be overruled. Appellant says under this point that there was no showing that it had agreed to do anything in Jefferson County. It argues that under the case of Guinn v. Texas Drug Company, Tex.Civ.App., 219 S.W. 507, the point of shipment is the point of performance by the seller and not the point of delivery, and says that since the act complained of and sued upon took place in California it could not be said that this act of shipment by a method of transportation which was not the cheapest was to be performed in Jefferson County, Texas. We believe that from the authorities noted in our discussion of Point No. 3 this point should be overruled. In the case of Scott and Mayhall v. Lubbock Grain & Coal Company, 113 Tex. 127, 252 S.W. 164, opinion adopted by the Supreme Court, it was again held that shipment by bill of lading to the order of shipper, with draft attached, places venue in the county of delivery. It is also held in that case that a suit on a shipment so made could be brought in the county of delivery when the contract called for a certain weight of the goods at the point of delivery.

We think in this case this contract had to be completed at the point of delivery and payment of the draft, in Jefferson County, and that the cause of action arose in Jefferson County.

Affirmed.