**TRINITY ROAD & BRIDGE CO., Inc.,
Appellant,**

v.

**J. C. WATSON et al., Appellees.**

No. 16173.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 23, 1960.

Rehearing Denied Jan. 20, 1961.

Currie, Kohen & Freeman, and Ralph W. Currie, Dallas, for appellant.

Barnes & Barnes, and Robert E. Barnes, Beaumont, Glenn Faver, Jasper, for appellees.

Herrick & McEntire, and Rex McEntire, Fort Worth, for intervenor, H. L. Merrill.

RENFRO, Justice.

J. C. Watson, doing business as J. C. Watson Construction Company, brought suit against Trinity Road & Bridge Co. for breach of contract. Defendant was the prime contractor to build a portion of a highway and plaintiff Watson had a subcontract under the defendant to prepare the right of way and move dirt. Plaintiff sought damages for labor performed under the contract, lost profits and attorney's fees.

Defendant, by cross-action, sought damages against plaintiff, alleging that the plaintiff breached the contract. Defendant also sought recovery for an alleged overpayment made to Watson.

The case was tried to a jury and resulted in findings that (1) the defendant owed Watson $11,780.65 for work performed under the contract up to and including September 30, 1958; (2) defendant owed plaintiff $10,000 for work performed under the contract from October 1, 1958, to and including October 17, 1958; (3) defendant breached the contract in question on October 17, 1958; (4) plaintiff was entitled to $4,000 for profits he would have earned except for the breach of the contract by defendant; (5) $5,000 would be reasonable attorney's fees; and (6) plaintiff did not fail to prosecute his work with due diligence and adequate equipment and personnel.

Defendant did not make any objections to the charge or issues submitted to the jury and did not move for an instructed verdict.

Defendant filed a lengthy motion for judgment non obstante and upon said mo-

tion bases the following points of error: (1) The court should have rendered judgment non obstante veredicto in favor of the defendant; (2) as alternatives in its motion for judgment non obstante, defendant, in several pages with numerous subheads, contended that the answers to the issues should be disregarded for lack of evidence of probative force to support them and the court should have made certain findings favorable to defendant; and (3) the verdict should be set aside as being against the overwhelming prepondcrance of the evidence.

Plaintiff's foreman testified plaintiff had sufficient equipment and men on the job as of October 17 to effectively and timely complete the dirt moving job, that on that date defendant sent in the Austin Paving Co., which took over the job. Witness Merrill, who furnished equipment and men to plaintiff, testified plaintiff had men and machinery adequate to do the job. Plaintiff testified that on October 17, the work was moving along effectively and well and he needed no additional help, that Austin Paving Co., at insistence of defendant, took over and he, plaintiff, had to quit, that he could have finished the job in 15 days. Defendant's president Kimbrough admitted that having two or three sets of men and machinery on the same job was "bad business". To the same effect was the testimony of John Austin of Austin Paving Co.

The testimony as to whether or not defendant owed plaintiff for work performed up to September 30 was highly contradictory. Defendant's witnesses testified that, instead of defendant owing plaintiff for work up to the above date, plaintiff had actually been overpaid through error. Plaintiff introduced in evidence a letter from defendant, dated October 8, in which it admitted it owed plaintiff $11,780.65 for work performed up to September 30. Plaintiff testified that said amount was true and correct and had not been paid.

Plaintiff testified that during the period from October 1 to October 17, he removed 14,700 cubic yards and under the contract he was entitled to $10,174.08. Defendant denied plaintiff had moved as much dirt as claimed.

Plaintiff testified without objection that he would have made a profit of $4,000 if he had been permitted to complete the contract. Defendant's general superintendent Woodard, when asked if Watson could have made a clear profit of $4,000, answered, "* * * if he says so, that is so. Yes, sir."

A competent and well qualified attorney testified that $8,000 would be a reasonable attorney's fee.

The evidence given above shows that the answers of the jury were supported by sufficient evidence of probative force, and further that the answers were not contrary to the overwhelming preponderance of the evidence.

■ On appeal defendant attacks the wording of issues 1 and 5. It waived such objections as are now urged when it failed to object to the charge. Rule 274, Texas Rules of Civil Procedure.

■ The claim of overpayment was a defensive issue and defendant did not request any issue thereon or object to the omission of such issue. Since the evidence was conflicting on said matter, defendant waived such defense in failing to request an issue thereon.

Defendant contends plaintiff should not be allowed recovery for the work performed from October 1 to October 17 because there was neither allegation nor proof that the quantities of dirt moved were measured by the highway engineer.

■ In view of the pleadings of the parties, the evidence introduced, and the issues submitted to the jury without objection, we think such complaint is not properly before us. Hurst v. Webster, Tex.Civ.App., 252 S.W.2d 793; Smith v. Smith, Tex.Civ.App., 187 S.W.2d 116.

H. L. Merrill intervened in the trial below. It is undisputed Merrill leased heavy equipment to Watson for use on the job in question prior to October 17, 1958, and the reasonable price charged amounted to $6,086, of which $4,832.25 was unpaid. The court entered a joint and several judgment in favor of Merrill against Watson, Trinity Road and Bridge Co. and Trinity's surety, Seaboard Surety Company, and an additional $900 as attorney's fees against Watson. Merrill filed a mechanic's lien. He contends he is entitled to judgment against Trinity and Seaboard by virtue of Article 5160, Vernon's Ann.Civ.St. We are of the opinion the road machinery in question was not materials supplied such as contemplated in Article 5160 by the provisions thereof in effect when the attempted lien was perfected. B. F. & C. M. Davis Co. v. W. E. Callaghan Const. Co., Tex.Com.App., 298 S.W. 273; United States Fidelity & Guaranty Co. v. Henderson County, Tex. Com.App., 276 S.W. 203.

The judgment in favor of Watson against Trinity is affirmed. The judgment in favor of Merrill against Watson is affirmed. The judgment in favor of Merrill against Trinity and Seaboard is reversed and judgment here rendered that Merrill take nothing against said named parties.

Affirmed in part, reversed and rendered in part.