Thomas J. CROSS, Appellant,

v.

EVERYBODYS, Appellee.

No. 16322.

Court of Civil Appeals of Texas.

Fort Worth.

April 20, 1962.

Rehearing Denied May 25, 1962.

James P. Donovan and William F. Billings, Dallas, for appellant.

Leland A. Hodges and Robert Stahala, Fort Worth, for appellee.

RENFRO, Justice.

Suit was brought by Everybodys, d/b/a Leonards Farm Store, against Thomas J. Cross and H. H. Weatherby, jointly and severally, and as partners under the trade name of Cross Bar Farms or Cross Bar Farm.

Plaintiff alleged that in 1952 the defendants entered into an agreement for the purpose of the operation of a farm owned by Cross; that said agreement remained in force and effect until January 1, 1957, when said agreement was renewed and extended by a new written agreement for a five year period, identical in terms, except for dates, with the original agreement of 1952; that such agreement was placed of record; that it provided for a 50-50 partnership between the defendants in all equipment, livestock, poultry and crops; that Weatherby assumed the responsibility of buying and selling and would manage the farm and have complete and sole authority in all aspects of its operation. A copy of the agreement was attached to the petition; the agreement was terminated June 25, 1959.

It was alleged that, beginning in 1954, plaintiff, in reliance upon said agreement, began to supply defendants with goods, wares and merchandise. A complete list of said items was attached to the petition. From time to time Weatherby, for defendants, executed notes to plaintiff as further security for the debts due, and on February 10, 1959, Weatherby, for defendants, as partners under the trade name of Cross Bar Farms, executed a note in the sum of $14,499.10 in renewal and extension of prior notes. Upon default in payment, this suit was filed upon the note, for attorney's fees and interest.

In alternative pleas, plaintiff prayed for recovery on the account; and on Cross' written "Agreement to Terminate Partnership Contract", wherein Cross assumed liability for all indebtedness of the Cross Bar Farm partnership.

The answer of defendant Cross denied he executed the Cross-Weatherby agreement of 1957; plead that in February, 1956, he notified plaintiff by mail that he would pay no more accounts charged to Cross Bar Farm; alleged he never authorized the execution of the note sued upon; that he never engaged in business with anyone under the names Cross Bar Farm or Cross Bar Farms; plead that the "Agreement to Terminate Partnership Contract" was signed by him while under the influence of narcotics to such extent he lacked the necessary mentality to execute a legal contract; alleged "on or about the 1st day of September, 1957, the defendant, H. H. Weatherby, * * * did engage in business under the assumed name of 'Cross Bar Farms'" in association with his son and other persons; that at no time was Weatherby authorized to pledge Cross' credit or make purchases in behalf of Cross. He denied, under oath, the accounts.

Defendant Weatherby filed an answer in which he admitted plaintiff was entitled to recover against both defendants, but asked recovery over against Cross by reason of their termination agreement.

The jury found that Cross signed both the 1952 and 1957 contracts and, except for dates, they were identical; that Cross signed the June 25, 1959, "Agreement to Terminate Contract" and the June 23rd proposal to terminate; that an instrument designated "Long Term Accounts Payable" was a part of the instrument designated "Agreement to Terminate Partnership Agreement"; Cross and Weatherby did business under the name Cross Bar Farms; that defendants also carried on their business at locations other than the original Cross Bar Farm; that all the items listed in plaintiff's account were used in the farming operation of the defendants Weatherby and Cross; that the amount of indebtedness due plaintiff when Cross and Weatherby signed the agreement

to terminate the partnership contract was $14,326.71; that Cross did not mail a letter to plaintiff in 1956 instructing plaintiff not to charge any further accounts to Cross Bar Farm; that Cross did not lack sufficient capacity, because of being under the influence of narcotics, to understand the consequences of his act in signing the agreement to terminate the partnership contract; that Weatherby, without the knowledge or consent of Cross, operated a business under the name "Cross Bar Farm"; that Cross authorized Weatherby to pledge Cross' credit; that Cross authorized Weatherby to use the name Cross Bar Farm and Cross Bar Farms in Cross' behalf.

Based upon the verdict and the "undisputed evidence", the court found, in its judgment, that Cross and Weatherby were partners engaged in farming operations under the name of Cross Bar Farm and Cross Bar Farms when the merchandise was purchased from plaintiff and used by the defendants, that such partnership was terminated June 25, 1959, by the "Agreement to Terminate Partnership Contract", in which Cross assumed and promised to pay plaintiff's account, whereupon judgment was rendered for plaintiff against both defendants, and judgment for Weatherby against Cross.

■ The jury answered "yes" to issue No. 15, which read: "Do you find from a preponderance of the evidence that the defendant Weatherby without the knowledge or consent of defendant Cross operated and conducted a business under the assumed name of 'Cross Bar Farms'?" Cross contends he was entitled to judgment because of such finding.

Plaintiff proved a partnership agreement between Weatherby and Cross. Under its terms Weatherby had the express authority to make purchases and bind the partnership. He was designated therein as the managing partner. The jury found that all the items furnished by plaintiff were used in the farming operations of the defendants Weatherby and Cross. Further, the jury

found that the proposal to terminate the partnership between Cross and Weatherby included an instrument designated Long-Term Accounts Payable, and said instrument included the account due plaintiff. In the agreement to terminate the partnership contract, Cross assumed liability for all indebtedness of the Cross Bar Farm partnership, except two items not involved in this suit. Cross admitted that Weatherby had carried out his part of the agreement. In view of the undisputed evidence and the findings of the jury, the fact that Weatherby at some unspecified time conducted some business whose nature is not shown, became meaningless and immaterial in so far as the indebtedness to plaintiff is concerned.

■ Cross contends the court erred in allowing plaintiff to file a trial amendment after the jury verdict was returned. He did not file a motion for continuance based upon the ground of surprise; hence, no reversible error is shown. Hardage v. Rouly, Tex.Civ.App., 349 S.W.2d 616; Texas City Terminal Ry. Co. v. McLemore, Tex.Civ. App., 225 S.W.2d 1007. Moreover, Cross has not shown in what manner he was prejudiced by the trial amendment. In allowing the amendment to be filed the trial court found that it did not present any new matter or result in any surprise and that it would not in any way prejudice either defendant. The voluminous record supports the trial court's conclusion.

Cross, in point 3, contends the court erred in admitting evidence of charges made for goods and merchandise delivered to farms other than the farm owned by Cross. For the reasons set out in the discussion of point 1, the point is overruled.

■ After the verdict was returned, Cross requested the court to make thirty-eight additional findings. The court filed an answer to the request in which he dealt with the requests one by one. Some of the requests he refused because no issues had been requested; others, because the jury

issues had been answered adversely to the request made by Cross; others, he held to be immaterial, and others, he found had no support in the evidence. The court found that the requested findings were on immaterial and irrelevant matters and evidentiary, and "the court now finds that all issues embraced in said request for additional findings of fact are found in support of the judgment entered and against the defendant Cross' contentions." The court's position is sustained by the record, evidence and exhibits contained in 2761 pages of statement of fact and the 182 page transcript. In addition, the court was not required to make findings against the jury findings or the judgment. Rule 279, Texas Rules of Civil Procedure; Brown v. Tieman, Tex.Civ.App., 239 S.W.2d 156. Cross makes no contention that the jury findings are not supported by the evidence. No error is shown.

Cross contends the court erred in denying him a handwriting examination of defendant Weatherby's Exhibit 1. Said exhibit was a letter dated March 14, 1958, purportedly signed by Cross and Weatherby, in which they certified they were partners, d/b/a Cross Bar Farm, operating under the January 1, 1957, agreement. The record shows the court declined to stop the trial to allow defendant to take the letter out to a handwriting expert, but ruled: "* * * you can bring him in," and "You can bring in all the handwriting experts you want to." Thus, the record affirmatively shows that Cross was not denied a handwriting examination of the exhibit.

Other points claim error on the part of the court in excluding certain testimony of the witness Meinke, in which he attempted to interpret Federal regulations concerning partnership returns, and testimony of the witness Wood concerning a contract he had with Cross prior to the date Cross and Weatherby first entered into a contract. The record does not reflect error, certainly not reversible error. Rule 434.

■ Defendant Cross, in his seventh point of error, contends plaintiff's exhibit P-4, termed Proposal to Terminate Partnership and attachments, was erroneously admitted. He argues that the exhibit was a copy and was different from the original subsequently introduced in evidence, and had no attachments thereto. The evidence shows that Cross' son-in-law, who was also his attorney, prepared the proposal and attachments, had the instruments typewritten and photostated. In longhand were the words, "Exhibits to be attached to agreement to terminate partnership agreement", then the parties signed their names in ink on the copies thus made. Under the evidence the exhibit was a duplicate original of the contract. One duplicate original of a contract will satisfy the requirements of the best evidence rule. Hughey v. Donovan, Tex.Civ.App., 135 S.W.2d 265; Hicks Rubber Co. v. Port Iron & Supply Co., Tex.Civ.App., 252 S.W.2d 987.

■ The jury found that Cross did sign exhibit P-4. Where there is a variance between duplicate copies of writing, the question as to which correctly recites the actual contract is a fact question. Killingsworth v. General Motors Acceptance Corp., Tex.Civ.App., 37 S.W.2d 823.

■ Complaint is made of the refusal of the court to submit defendant Cross' requested issues Nos. 3, 8, 9, 11, 12 and 13.

It is not shown that requested issues Nos. 3, 8, 9, 11 and 12 were presented to the court or acted upon by the court. Since defendant did not meet the requirements of Rule 276, no error is shown. Barnett v. Barnett, Tex.Civ.App., 206 S.W. 2d 273.

■ Requested issue No. 13 was refused by the court. Rule 279 provides that failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writ-

ing and tendered by the party complaining of the judgment. Issue No. 13 was duplicitous, assumed a disputed fact, and was incomplete in that included in the issue was an inquiry as to "notes" in plaintiff's exhibit No. ——. Under Rules 279 and 434 no reversible error is shown.

■ In his last point defendant Cross argues that the trial court erred in submitting Issues Nos. 8 through 14 of the charge.

All of said issues were material and were supported by pleadings and evidence. Cross did not object to the submission of any of the issues. He therefore waived any defects, deficiencies, omissions or faults therein. Rule 274. Trinity Road & Bridge Co. v. Watson, Tex.Civ.App., 341 S.W.2d 956; Vardilos v. Reid, Tex.Civ.App., 320 S.W.2d 419.

The judgment is affirmed.