Dr. James A. BROWN, Appellant,

v.

LEASING ASSOCIATES, INC., Appellee.

No. 15599.

Court of Civil Appeals of Texas,
Houston.

April 30, 1970.

Rehearing Denied May 21, 1970.

Harry H. Brochstein, Houston, for appellant.

Ross, Banks, May & Cron, John A. Cavin, Houston, for appellee.

PEDEN, Justice.

Suit on a written contract for lease of an automobile. Leasing Associates brought this suit against Brown alleging that the lease provides that upon his terminating it at the end of its 24-month primary term the company was entitled to receive from him $3,119 less the highest cash offer received for the vehicle, and that the difference between these two figures, as adjusted, amounted to $1,042.50. Brown defended with a general denial plus allegations of fraud and estoppel.

After a non-jury trial, the trial judge entered a judgment for the plaintiff in the amount sued for. No request was made for findings of fact or conclusions of law, and the trial judge filed none.

Appellant's first point of error states that the trial judge erred in granting judgment for the plaintiff because it failed to discharge its burden of proof under the contract to establish a deficiency.

It is uncontroverted that Brown obtained the 1964 model Lincoln Continental sedan on April 16, 1964, and returned it to the appellee in May of 1966. The contract introduced in evidence by the appellee provided that it could be terminated by the lessee, if he surrendered the vehicle, at any time after April 16, 1966. The termination amount was fixed at $3,119 on that date.

Brown's principal contention under his first point is that the appellee failed to show that it gave him 14 days' notice before selling the car in compliance with the following provision in the contract:

"* * * Upon receipt of the vehicle, Lenco will offer it for sale for cash or, in its discretion, offer to credit Lessee as if such vehicle had been sold for cash, subject to approval of the amount of such selling price or credit by Lessee. Lenco will advise Lessee of the highest verbal or written offer received and will, for a period not to exceed fourteen (14) days, sell, or credit Lessee, only for an amount approved by Lessee. If Lessee fails to approve any offer during such fourteen days period Lenco may at any time thereafter, in its discretion sell the vehicle for the highest cash offer then available."

There was admitted in evidence a copy of a letter from the appellee to Brown stating that it had obtained three bids for the automobile, that the highest offer obtained was $2,005, that Brown had received a credit of $71.50 for depreciation, that the agreed termination amount was $3,119, so the deficiency owed by him was $1,042.50. Brown was asked to advise the appellee if it should accept the $2,005 bid. The letter was delivered on May 16, 1966.

Also in evidence is a sight draft in the amount of $2,025 drawn by the appellee on J. J. Lewis, Almeda State Bank, Houston, who was identified as the purchaser. It bears the date of May 27, 1966. The representative of appellee testified that he had prepared it and "deposited it in our bank," and that it was honored by the purchaser. The draft was drawn on a form furnished by the Houston National Bank; the trial judge was entitled to presume that the form was furnished to the appellee

company as a customer of that bank. If the draft was deposited by Leasing Associates for collection in any bank other than the Almeda State Bank, the bank's clearing process would take some time, particularly so when a week-end intervenes. The date the draft was honored was not shown, nor was proof offered as to the usual time required for a draft to go through the banks' clearing process. May 27, 1966 was a Friday, and May 31, 1966 was a Tuesday, so the trial judge was entitled to presume that the draft was accepted on or after Tuesday, May 31, in which case the full 14 days' notice would have been given.

■ But was Brown entitled to the full 14 days' notice under the evidence in this case? We think not. His own testimony shows that he made it clear to the appellee that he rejected all of its efforts to give him the benefit of the 14-day provision in the contract and showed that he intended not to rely on it.

Brown took the position that when he had originally obtained the vehicle from the dealer who supplied it, he had scratched out everything in the contract referable to any interest he might have in the automobile after twenty-four months had elapsed. He testified:

"I was not interested in value, because whatever their value was, with my termination at twenty-four months, I understand that sometimes they will let you buy it at their evaluation at that time, but I wasn't interested in buying it, but had I been, why that would have been all right for them to evaluate it."

He also related that when he surrendered the automobile he told the company's employee that he had no interest in it and that he had no liability. And, notably, after he received the letter containing an explanation of its computation of the amount due and a request that he advise whether the highest bid received ($2,005) should be accepted, he again denied any debt.

We hold that these acts on the part of Brown raised a fact issue as to whether he waived his right to have the appellee wait the full fourteen days for his approval of the $2,005 offer. The letter delivered on May 16 put him on notice of the material facts and his consistent denial of any interest in the automobile or any liability under the contract were inconsistent with any intention on his part to rely on the 14-day provision. Such testimony raised a fact issue as to waiver.

"A waiver takes place where one dispenses with the performance of something which he has a right to exact, and occurs where one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something, the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to rely upon it. 92 C.J.S. p. 1061. Waiver, of course, is a matter or question of intention." Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855 (1958).

■ Further, it is clear that the appellee made at least a substantial performance of the provision in question and Brown has never asserted that his rights were prejudiced in any way by an early sale, if it was early, that he might have benefited from a few days' delay or that the price secured was low.

■ Appellant's second point asserts that the appellee failed to establish its ownership of, and justiciable interest in, the cause of action. We find no merit in this point. A written assignment of the cause of action to the plaintiff-appellee was admitted in evidence. It appears to be an executed duplicate original, signed in ink. It was admissible in evidence on authority of Cross v. Everybody's, 357 S.W.2d 156 (Tex.Civ. App.1962, writ ref., n. r. e.), and under the provisions of Art. 3731b, Secs. 2 and 3, Vernon's Ann. Civil Statutes.

We also overrule the appellant's last two points, which contend that the plaintiff's pleadings asserted an action on a sworn account, that the trial court erred in holding for the plaintiff on the theory of a written contract and in denying the appellant's motion for a continuance when he pleaded surprise at the plaintiff's change of theory from his pleaded action on a sworn account to one on a written contract.

The plaintiff's petition, as noticed, was based on a written lease contract; appended to the petition were a copy of the contract, a copy of the rental schedule, an invoice and affidavit in the form suggested for use by a plaintiff in a suit on a sworn account by Rule 185, Texas Rules of Civil Procedure. The affidavit was mere surplusage.

The petition supported the trial court's judgment, and we find no basis for the plea of surprise.

Affirmed.