**L. Harold REYNOLDS, Appellant,**

**v.**

**Mary F. HOLT, Individually and as Next Friend of Ray Harold Reynolds, a Minor, Appellee.**

**No. 5089.**

Court of Civil Appeals of Texas, Waco.

Nov. 18, 1971.

James R. Alderson, Arlington, for appellant.

Donald R. Mopsik, Irving, for appellee.

OPINION

McDONALD, Chief Justice.

This is appeal by defendant L. Harold Reynolds from judgment requiring him to

deposit $10,000. (plus interest at 6% from January 1968) into a federally insured Savings and Loan Association, in trust for plaintiff Ray Harold Reynolds.

Plaintiffs Mary F. Holt (formerly Reynolds) and Ray Harold Reynolds sued defendant L. Harold Reynolds alleging plaintiff Holt and defendant were divorced in 1962; that in consideration of the overall property settlement plaintiff Holt and defendant entered into a Trust Agreement obligating defendant to place $10,000. in a Federally Insured Savings and Loan Association for the benefit of plaintiff Ray Harold Reynolds (son of plaintiff Holt and defendant); that defendant had become obligated to deposit the $10,000., but failed and refused to do so. Plaintiff prayed judgment requiring defendant specifically perform the trust agreement and deposit $10,000. in a Savings and Loan Association.

Trial before the court without a jury resulted in judgment requiring defendant to deposit $10,000. in a Savings and Loan Association with 6% interest from January 1968, in accord with the terms of the Trust Agreement.

Defendant appeals on 3 points contending:

1) The trial court erred in admitting into evidence a Xerox copy of the Trust Agreement when there was no showing the original was not obtainable.

2) The trial court erred in permitting oral testimony to prove defendants parents were dead and that defendant had received funds from a Trust established by them, sufficient to establish the Trust sued on.

3) The trial court erred in rendering judgment for plaintiffs absent evidence that the beneficiary had graduated from High School.

■ The trial court admitted into evidence plaintiff Holt's duplicate original signed copy of the Trust Agreement.

Such was primary evidence and admissible. Killingsworth v. General Motors Acceptance Corp., Tex.Civ.App. (NWH) 37 S.W.2d 823.

Contention 1 is overruled.

The Trust Agreement required defendant to deposit $10,000. in a Federally Insured Savings and Loan Association for the benefit of plaintiff Holt and defendant's son Ray Harold Reynolds "out of the proceeds of defendant's inheritance, land, from his Mother and Father when and if such inheritance is released from the Trust in which it is presently a part and reduced to cash."

Plaintiff Holt testified that defendant's parents had died, and that defendant had received funds from his inheritance from his parent's Trust. Plaintiff further testified that defendant told her numerous times that he had the money, and that he would set the Trust up. Plaintiff Ray Harold Reynolds testified that defendant told him he had gotten the money, sold the land and that the grandmother's estate was all settled. Plaintiff Ray Harold Reynolds further testified he asked defendant about his Trust money and defendant said he would get around to it; that he would get everything all straightened up. The foregoing testimony was not objected to, and defendant did not testify or offer any testimony.

■ The plaintiff's testimony as to defendant's statements are declarations against interest and are admissible as an exception to the hearsay rule. Weingarten v. Reagan, Tex.Civ.App. (NWH), 366 S. W.2d 879.

Contention 2 is overruled.

■ The Trust Agreement does not require plaintiff Ray Harold Reynolds graduate from High School as a condition to establishment of the Trust.

Contention 3 is overruled.

Affirmed.