

# The Attorney General of Texas

November 15, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston
Houston, Texas 77002

Opinion No. H-1262

Re: Whether a county may purchase radio equipment through a council of governments.

Dear Mr. Resweber:

You inquire about the authority of the Harris County Commissioners Court to purchase radios through a Council of Governments created under article 1011m, V.T.C.S. The court informs us that it wants to purchase a radio system for county constables and can do so at a substantial saving by purchasing through the Houston-Galveston Area Council. You ask whether competitive bidding provisions apply to this transaction. You also ask whether the county purchasing agent must make the purchase.

Article 6889e, V.T.C.S., provides in part:

> Section 1. In each county in this State having a population of six hundred thousand (600,000) inhabitants or more according to the last preceding Federal Census, the Commissioners Court, in its discretion, may furnish all constables and/or deputy constables two-way radios to be used in connection with the performance of their official duties. . . .

> Sec. 2. The cost of the two-way radios, the installation and charges in connection therewith, all necessary repairs that may be made thereon and other expenses in connection therewith shall be paid out of the general fund of the county.

This statute applies to Harris County and its commissioners court clearly has authority to furnish the radios. See also Attorney General Opinion M-1021 (1971). Article 1580, V.T.C.S., permits the appointment of a county purchasing agent in counties of 74,000 or more inhabitants by a board composed of the district judges and county judge. Harris County has a purchasing agent appointed according to these provisions. It is his duty "to make all purchases

for such county of all supplies, materials and equipment required or used by such county or by a subdivision, officer, or employee thereof, excepting such purchases as may by law be required to be made by competitive bid. . . ." (Emphasis added). Article 1659a, V.T.C.S., which applies to Harris County, requires the purchase on competitive bids of "supplies of every kind, road and bridge material, or any other material, for the use of said county" where the expenditure exceeds $2,000. (Emphasis added). Similar language on the competitive bidding requirement for supplies and materials which appears in article 1659, V.T.C.S., has been construed narrowly. See Attorney General Opinion H-482 (1974). In Patten v. Concho County, 196 S.W.2d 833 (Tex. Civ. App. — Austin 1946, no writ), the court determined that road machinery did not constitute "supplies" or "materials" within article 1659. See also Century Indemnity Co. of Chicago, Ill. v. Shunk Mfg. Co., 68 S.W.2d 772 (Ky. 1934) (cited in Patten v. Concho County). In our opinion, the radios would constitute "equipment" within article 1580, V.T.C.S., and not supplies or materials within article 1659a. See Trinity Road & Bridge Co. v. J. C. Watson, 341 S.W.2d 956 (Tex. Civ. App. — Fort Worth 1960, writ ref'd n.r.e.) (road machinery was not "materials supplied" within mechanics lien statute); Irwin v. Auto Finance Co., 40 S.W.2d 871 (Tex. Civ. App. — Waco 1931), rev'd on other grounds, 60 S.W.2d 192 (Tex. Comm'n App. 1933, jdgmt adopted) (mortgage on automobile and "all equipment" could include car radio); Connor v. Littlefield, 15 S.W. 217 (Tex. 1890) ("supplies" means stores of food, etc. kept for daily use). But see Clayton v. Bridgeport Mach. Co., 33 S.W.2d 787 (Tex. Civ. App. — Eastland 1931, writ ref'd) (tools used in drilling oil well are "supplies" within mechanics lien statute). Consequently, the county purchasing agent must purchase the radios pursuant to the provisions of article 1580, V.T.C.S.

We find no statute, however, that would prohibit the county purchasing agent from cooperating with the Council of Governments in purchasing radios. The council is a regional planning commission established under article 1011m, V.T.C.S., see Attorney General Opinion M-518 (1969), which permits local units of government to cooperate to improve the health, safety, and general welfare of their citizens. V.T.C.S. art. 1011m, § 2. It is a political subdivision of the state, with authority to purchase property and to contract with its member governments to perform any service that the members could have a private entity perform. V.T.C.S. art. 1011m, § 4(a), (c), (d).

A county and a regional planning commission may contract under the Interlocal Cooperation Act, article 4413(32c), V.T.C.S. Attorney General Opinions H-296 (1974); M-1278 (1972). Local governments, including counties, are expressly authorized to contract for purchasing services under article 4413(32c). Sec. 3, 4(a). We believe that article 1580, relating to the purchasing agent, can be construed in harmony with the Interlocal Cooperation Act, so that counties may use the opportunity to increase efficiency in purchasing provided by the latter statute. The purchasing agent is the agent of the county for purchases governed by article 1580, V.T.C.S., and the agent of the commissioners court for the particular purchase

under consideration.  We believe he would have authority to purchase the radios through the Council of Governments at the direction of the commissioners court.

We note that Attorney General Opinion H-482 (1974) stated that the county purchasing agent had control of contracts regulated by article 1580, V.T.C.S., and that he was subject to the control of the special Board of Judges and not the commissioners court.  This opinion correctly states the need for compliance with the procedures of article 1580 and notes the purchasing agent's independence from the court with respect to appointment and salary.  V.T.C.S. art. 1580, § 1(a), (f); see Attorney General Opinion M-708 (1970).  Nevertheless, he still remains the agent of the county and, in our opinion, is subject to the court's direction as to reasonable specifications and maximum prices of the items he purchases.  See Bertrand v. Mutual Motor Co., 38 S.W.2d 417 (Tex. Civ. App. — Eastland 1931, writ ref'd) (agent is subject to principal's control).

We are informed that the Houston-Galveston Area Council has carried on joint purchasing activities since 1973, dealing with numerous county purchasing agents in this regard.  Counties belonging to other regional planning commissions have engaged in similar activities.  These transactions show that articles 1580 and 4413(32c) can be and have been harmonized in practice by the agencies responsible for administering them.  We believe this construction is entitled to great weight.  See Ex parte Roloff, 510 S.W.2d 913 (Tex. 1974); Wagner v. City of San Angelo, 546 S.W.2d 378 (Tex. Civ. App. — Austin 1977, no writ).

You have also submitted the draft of an agreement between the commissioners court and the Houston-Galveston Area Council and ask whether the court may enter into it.  Since the purchasing agent is not made a party to the agreement, we do not believe it complies with article 1580, V.T.C.S.  See Attorney General Opinion H-482 (1974).  We decline to propose specific contract provisions, but advise you that the contract should be drafted in light of the guidelines stated in this opinion.

### S U M M A R Y

The Harris County Commissioners Court may direct the County Purchasing Agent to purchase radios for constables through the Houston-Galveston Area Council created under article 1011m, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn