

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 14, 1970

Honorable A. Ross Rommel
Traffic Safety Administrator
Executive Department
Drawer P
205 Sam Houston Bldg.
Austin, Texas 78711

Opinion No. M- 692

Re: Several questions rela-
tive to whether a particu-
lar traffic surveillance
system is legal.

Dear Mr. Rommel:

Your request for an opinion as to whether the operation
of the described traffic surveillance system is legal, pre-
sents the following questions:

1. Is there an actionable invasion of the
right of privacy of a person whose
photograph is taken on a public highway
by the described traffic surveillance
system when the photo is used solely for
speed enforcement purposes?

2. Is there an actionable invasion of the
right of privacy of a person whose photo
is taken on a public highway by the above
system when used for traffic surveying
purposes?

Your third question has been withdrawn and is there-
fore omitted.

4. Assuming that the chain of possession of the
film is unbroken from the time it is placed
in the camera until the time of trial of a
defendant to a speeding violation, would
the photograph be admissible in evidence
as proof of identification of the defendant
and of the speed at which he was driving

> when the traffic surveillance unit is
> left unattended during its operation?

5. With the same assumption as stated in
   Question 4, would the photograph be ad-
   missible in evidence as proof of identifi-
   cation of the driver and of the speed at
   which he was traveling when the traffic
   surveillance unit is attended by a police
   officer who does not apprehend the de-
   fendant at the time of violation?

According to your letter, this system consists of a
sensing device, a computer, and a camera with illuminating
attachment to measure the speed of a motor vehicle, photo-
graph the front view of the vehicle, the driver, its regis-
tration plate, and showing the date, time, location and
posted speed limit. The only service requirement is the
occasional change of film cassettes, and no attendant is
required for the operation of the system. Its primary in-
tended uses are for traffic speed control and traffic
engineering survey purposes. Your questions raise issues
of first impressions in Texas, as there are no court deci-
sions which have decided these issues.

With reference to your first two questions, it is well
settled that the individual's right to preserve his personal
seclusion must give way to the state's reasonable exercise
of the police power. Consequently, for example, statutes
making reasonable provision for taking and keeping finger-
prints and photographs of persons accused of crime have been
sustained. 14 A.L.R.2d 761, Right of Privacy, Sec. 9, Police
Power.

In the case of Voelker v. Tyndall, 75 N.E.2d 548 (Ind.
Sup. 1957 app. denied 333 U.S. 834 reh. denied 333 U.S. 858)
appellant was arrested on a misdemeanor charge and claimed
an invasion of his right of privacy. The Court, in uphold-
ing the right to take his fingerprints and photograph, said:

> "The purpose is single, clear and
> quite salutary to promote the pub-
> lic safety, by achieving greater
> success in preventing and detect-
> ing crimes and apprehending crimi-
> nals. The accomplishment of this

> object has been an important duty of
> government in all times. Not infre-
> quently a lack of accurate identifi-
> cation has been a serious handicap in
> clearing up a crime. It is probable
> that an accurate identification system,
> faithfully administered, may be an
> assistance not only in finding the
> guilty criminal, but in clearing an inno-
> cent suspect."

The rule generally is also stated in 41 Am.Jur. 945,
Privacy, Sec. 27:

> "It is generally held that the customary
> photographing and measuring of a prisoner
> for the purpose of police records do not
> amount to an invasion of the prisoner's
> right of privacy."

It is our opinion that a person driving on a public
highway in an automobile, is subject to public view and to
the state's reasonable exercise of the police power to pro-
mote the public safety. Accordingly, we answer your ques-
tions 1 and 2 that there is not an actionable invasion of
the right of privacy. We find no case authorities recogniz-
ing such a right of privacy. Our Courts have so far con-
fined their decisions in upholding a right of privacy to
matters relating to marriage, family and sex. 56 American
Bar Assn. Journal 673-677, and see California v. Belous,
80 Cal.Reptr. 354, 458 P2d 194 (1969); Griswald v.
Connecticut, 381 U.S. 479 (1965). The Courts have refused
to extend a right of privacy where public health or safety
or other police powers of the state are a competing in-
terest. Public Unilities Commission v. Pollak, 343 U.S. 451
(1952); Frank v. Maryland, 359 U.S. 360 (1959).

Your letter expresses concern as to whether the described
system can become accepted as a scientifically reliable speed
testing device.

The evidentiary proof required in Court for the re-
ception of evidence in this system would be the same as for
any other photographic system in a criminal case.

The rule stated in Wigmore, The Science of Judicial
Proof, p. 450, as quoted in Wilson v. State, 168 Tex.Cr.

439, 328 S.W.2d 311 (1959), applies to your questions 4 and 5:

"... since the additions made possible to our unaided senses are due to the use of instruments constructed on knowledge of scientific laws, it is plain that the correctness of the data thus obtainable must depend upon the correctness of the instrument in construction and the ability of the technical witness to use it. Hence, the following three fundamental propositions apply to testimony based on the use of all such instruments:

" 'A. The type of apparatus purporting to be constructed on scientific principles must be accepted as dependable for the proposed purpose by the profession concerned in that branch of science or its related art. This can be evidenced by qualified expert testimony; or, if notorious, it will be judicially noticed by the judge without evidence.'

" 'B. The particular apparatus used by the witness must be constructed according to an accepted type and must be in good condition for accurate work. This may be evidenced by a qualified expert.'

" 'C. The witness using the apparatus as the source of his testimony must be one qualified for its use by training and experience.'"

As stated in Wilson v. State, supra, "... there must be proof that the machine has been properly set up and recently tested for accuracy."

As to your questions 4 and 5 regarding the admissibility in evidence of photographs from the traffic surveillance system as proof of identification of defendants and speed of driving, the established rules of evidence would apply and the burden is upon the prosecution to qualify the evidence for submission and to connect up and prove the identity of the defendant committing the offense. This

would probably be more difficult when the system's units are left unattended and the defendant is not apprehended at the time and at the scene of the speeding violation. The Court would have to be satisfied that the photographs comply with the usual rules of evidence and accurately depict what they purport to represent. However, admissibility of the photos does not necessarily require identification by an attendant or an eye witness. See Scott, Photographic Evidence, 2nd Ed., Sec. 1026; Vardilos v. Reed, 320 S.W.2d 419 (Tex.Civ.App. 1959, no writ.)

The speed of motor vehicles may be measured by use of a "phototraffic camera",and the "Foto-Patrol" which operates on an electronic impulse which activates a strobe light camera. "It has been held that expert testimony as to the scientific principles underlying it and as to its accuracy at the time of an alleged speeding offense is necessary in order to base a conviction thereon." 7 Am.Jur.2d 871, 872, Sec. 328, Automobiles and Highway Traffic, which cites People v. Pett, 13 Misc.2d, 975, 178 N.Y.S.2d 550.

In People v. Hildebrant, 308 N.Y. 397, 126 N.E.2d 377, N.Y.Ct.App.(1955), the offense was speeding. Police officers, to measure the speed, had used a "phototraffic camera." The Court said, "there should be applicable the criminal-law rules of presumption of innocence and necessity of proof of guilt beyond a reasonable doubt." The Court, holding that the identity of the driver must be proven, and that proof of vehicle ownership alone will not give rise to a presumption that the owner was the driver, said:

> "....Apparently, the question is a new one, but that is because speeders are usually pursued and arrested after pursuit, whereas this identity question arises because of the use of a photographic speed recorded, without pursuit or arrest. The device used may be efficient and scientifically trustworthy, its use may make pursuit and immediate arrest inconvenient or unnecessary, and highway safety may be promoted by eliminating such pursuits. But it takes more than necessity to validate a presumption in a criminal case. Tot v. United States, 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519, and here we do not even have a presumption."

Hon. A. Ross Rommel, page 6 (M-692)

However, positive identification of the defendant is not required if a witness can testify that the photo is a fair and accurate representation of the scene. U.S. v. Hobbs, 403 F.2d 977 (6th Cir., 1968).

In Commonwealth v. Buxton, 205 Mass. 49, 91 N.E. 128 (1910), a speed violation case, the question was the competency of an instrument known as a "photo-speed recorder." The Court said:

> "As a rule the question whether evidence of experiments shall be admitted depends largely upon the discretion of the trial judge; and his action in the exercise of this discretion will not be reversed unless plainly wrong. In this case the result of the experiments did not depend upon the fluctuations of human agencies, nor on conditions whose relations to the result were uncertain, but upon the immutable working of natural laws; and upon the evidence the presiding judge may well have found that such experiments were likely to be more reliable as to the speed of the automobile than the conjectural statement of an eye witness or the interested statement of a chauffeur. We cannot say as a matter of law that the evidence would not justify the judge in coming to the conclusion that the experiments would be useful in determining the speed of the car. Indeed, it would seem desirable to have some machine whose action being dependent upon the uniform working of the laws of nature would record the speed of a moving object."

It is, therefore, our opinion in answer to your questions 4 and 5 that the traffic surveillance photographs would be admissible in evidence as proof of identification of defendants and their speed of driving, subject to the requirements and rules of evidence hereinabove stated.

# S U M M A R Y

There is no actionable invasion of the right of privacy of a person whose photograph is taken on a public highway by a traffic surveillance system when such photo is used solely for speed enforcement or traffic surveying purposes. Such photographs would be admissible in evidence as proof of identification of defendants and their speed of driving, provided they comply with the rules of evidence applicable thereto.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ben M. Harrison
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

KERNS TAYLOR, Chairman
W. E. ALLEN, Co-Chairman

Houghton Brownlee
Jim Broadhurst
Howard Fender
John Banks
Tom Bullington

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant