

that it furnishes a separate and independent ground for setting aside the perverse verdict it produced."

 Again, no objection was made at the time the argument was given. Failure to object normally precludes consideration of, or at least weakens, the merits of the claim. Curtis Publishing Company v. Butts, 351 F.2d 702 (5th Cir. 1965), aff'd, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); Fabrizi v. Griffin, 162 F.Supp. 276 (W.D.Pa.), aff'd Fabrizi v. Kramer Bros. Freight Lines, Inc., 261 F.2d 594 (3rd Cir. 1958); Webster Motor Car Co. v. Packard Motor Car Co., 135 F.Supp. 4 (D.D. C.1955), rev'd on other grounds, 100 U. S.App.D.C. 161, 243 F.2d 418, cert. denied, 355 U.S. 822, 78 S.Ct. 29, 2 L.Ed. 2d 38 (1957).

However, the trial court considered the contention and found the argument "* * * vigorous and hard-hitting, but not beyond the pale." We have reviewed the closing argument and cannot say that the trial court abused its discretion in denying a motion for new trial on this issue. See, *e. g.*, Rochester Civic Theatre, Inc. v. Ramsay, 368 F.2d 748, 755 (8th Cir. 1966); Tsai v. Rosenthal, *supra.*

Affirmed.

Hugh E. Watkins, Alexandria, Va. (Watkins & Taylor, Alexandria, Va., on brief), for appellant.

Brian P. Gettings, U. S. Atty. E. D. Va. (Gilbert K. Davis, Asst. U. S. Atty., on brief), for appellee.

Before BRYAN, CRAVEN and BUTZNER, Circuit Judges.

**UNITED STATES of America, Appellee,**

v.

**Robert Edward JONES, Appellant.**

**No. 15010.**

United States Court of Appeals, Fourth Circuit.

Argued June 9, 1971.

Decided June 14, 1971.

**PER CURIAM:**

Convicted of bank robbery in violation of 18 U.S.C. § 2113, Robert Edward Jones complains that his fifth amendment right to be free from self-incrimination was violated when the district judge directed that he repeat words spoken by the bank robber so that a witness could identify him by means of his voice. We find no self-incrimination. The nature of the evidence was real or physical, not testimonial or communicative. Gilbert v. California, 388 U.S. 263, 266, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

Affirmed.