**Fred C. HOKR, Individually and as next friend for James R. Hokr, Appellants,**

**v.**

**Larry Mac BURGETT, Appellee.**

**No. 17368.**

Court of Civil Appeals of Texas, Fort Worth.

Jan. 12, 1973.

Rawlings, Sayers & Scurlock, and Lloyd Scurlock, Fort Worth, for appellants.

Brown, Crowley, Simon & Peebles, and Anne Gardner, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This suit is for damages for personal injuries and to property resulting from an automobile collision. The plaintiffs who are the appellants herein were Fred C. Hokr and his minor son, James R. Hokr, represented by his father as next friend. They were riding in an Oldsmobile Cutlass which had been rebuilt by the son, who was sixteen years of age at the time of the collision. The minor son was driving. The defendant, Larry Mac Burgett, the appellee, was driving a Mustang. A counterclaim filed by the defendant and certain intervenors is not involved on this appeal.

The case was tried before a jury, which found that the negligence of both drivers had proximately caused the collision. The only negligence of the plaintiff which was found to be a proximate cause was his speed. Judgment was rendered on the verdict denying recovery to both parties. The appeal from such judgment is upon two points of error based upon no evidence and insufficient evidence to support the jury's finding that plaintiff's excessive speed was a proximate cause of the accident.

We affirm.

James R. Hokr, the minor son, will be referred to in this opinion as plaintiff and Larry Mac Burgett as defendant. We have carefully reviewed and considered all of the evidence in the record before us. A summary thereof is contained in the paragraphs next following.

The accident occurred at the intersection of Highway 183 and Calmont Avenue, on October 18, 1968, at approximately 7:40 P. M., 48 minutes after sunset. The lights of both cars were turned on at the time of collision. It was dusk and still difficult to see cars with their lights on. Highway 183 is a four-lane divided highway running north and south with a speed limit of 50 miles per hour. Calmont Avenue is a two-lane road running east and west with

a speed limit of 30 miles per hour. Vehicles on Calmont are required to stop before entering the intersection. Plaintiff approached the intersection from the north, traveling in a southerly direction. Defendant approached the intersection from the east, traveling in a westerly direction.

Defendant testified that he stopped before entering the intersection, looked both ways but failed to observe plaintiff's approaching vehicle. He then proceeded into the intersection. After that, his memory fails. Plaintiff said he saw defendant about 150 feet away and began to reach for his brakes about 100 feet away. He felt his brakes grab about 50 feet away. Plaintiff's vehicle left 46 feet of skidmarks to the point of impact. The left most portion of plaintiff's vehicle hit defendant's vehicle on the right side approximately four feet from the front. Plaintiff's speed prior to hitting his brakes was disputed. Various estimates were from 50 to 71 miles per hour. Defendant's speed was estimated from 15 to 30 miles per hour.

After the impact, plaintiff's automobile traveled 64 feet further south and slammed into a utility pole which was broken by the force of impact. The pole penetrated three feet into the Oldsmobile's body unit. Defendant's Mustang was knocked 88 feet to the south of the impact point.

Plaintiff estimated defendant's speed at 15 to 20 miles per hour and later agreed that 30 miles per hour would be a fair estimate. Dr. Tonn, defendant's expert witness, testified on cross-examination that if defendant were accelerating to a speed of 30 miles per hour from a stop, he would have reached a speed of 19½ miles per hour at the point of impact.

Plaintiff admitted in the police report at the hospital that he had been going 60 miles per hour but testified at the trial he had been going only 50 miles per hour, the maximum posted limit. Dr. Tonn estimated plaintiff's speed at being between 64 and 71 miles per hour, taking into consideration the amount of energy dissipated by both cars and subtracting the energy of defendant's automobile at a speed of 30 miles per hour. Dr. Tonn stated that if the defendant's automobile were traveling at a slower speed, his calculated speed range for the plaintiff automobile would be higher.

Plaintiff seeks to show that there was no evidence or insufficient evidence that his own excessive speed was the cause in fact of the collision. His brief is devoted to showing that the collision would still have occurred even if he had been traveling 50 miles per hour. The plaintiff argues that any increase in defendant's speed would destroy the element of foreseeability necessary to proximate cause.

■ He has equated the maximum posted speed limit with a reasonable speed. We find no merit in this position. The trial court did not submit a statutory speed violation, but an issue of common law negligence, that of excessive speed under the circumstances. Speed may be excessive even though it is below the posted speed limit. Seay v. Kana, 346 S.W.2d 384 (Houston Tex.Civ.App., 1961, no writ hist.); Vardilos v. Reid, 320 S.W.2d 419 (Houston Tex.Civ.App., 1959, no writ hist.). Although a motorist may not be exceeding the speed limit, he is under a duty to drive no faster than a person of ordinary prudence under the same or similar circumstances. Billingsley v. Southern Pacific Company, 400 S.W.2d 789 (Tyler Tex. Civ.App., 1966, writ ref., n.r.e.); Central Freight Lines, Inc. v. Bergeron, 470 S.W. 2d 117 (Beaumont Tex.Civ.App., 1971, writ ref., n.r.e.).

■ Article 6701d, Section 166(c), Vernon's Ann.Civ.St. requires a driver to operate his vehicle at an "appropriate reduced speed" when approaching an intersection. Thus, plaintiff was under a statutory duty to drive at a reasonable speed upon approaching the intersection. Billingsley v. Southern Pacific Company, supra. Plain-

tiff was familiar with the intersection and knew that he was approaching it long before he could see defendant's car. The testimony that his view of the left side of the intersection was blocked by the chain link fence was also relevant as to the reasonableness of his speed. See cases collated in 59 A.L.R.2d 1202. The fact that it was dusk would, alone, be sufficient to justify finding that the posted limit would have been excessive, since that limit was only the "maximum," subject to Article 6701d, Sections 166(b) and (c). Under these facts and circumstances the jury could reasonably have concluded that a speed of 40 miles per hour or less would have been reasonable.

The brief of the plaintiff contains a detailed analysis of opinion testimony as to time, speed, distance, perception time, reaction time, skid marks, etc., in reconstructing the collision in question and the events leading up to it and concludes that there is no evidence or insufficient evidence to support the verdict of the jury.

The jury was not called upon to decide what rate of speed it regarded as reasonable on the part of plaintiff as he approached the intersection, nor was it asked to fix the exact speed at which plaintiff was traveling. It found that the plaintiff was driving at an excessive rate of speed which was a proximate cause of the collision.

In our opinion the evidence contained in the record and the reasonable inferences to be drawn therefrom afforded to the jury a means of reconstructing the collision and the events which preceded and followed it which will support its verdict.

We find and hold that there is ample evidence of probative value in this record to support the jury's finding that the excessive speed at which plaintiff was operating his vehicle at the time in question was a proximate cause of the collision.

We further find and hold that such finding by the jury is not so against the over-whelming weight and preponderance of the evidence as to be clearly wrong.

Plaintiff's points of error are overruled. The judgment of the trial court is affirmed.