**UNITED STATES of America,**
**Appellee,**

v.

**William Larry TURNER, Appellant.**

No. 72–1935.

United States Court of Appeals,
Fourth Circuit.

Feb. 13, 1973.

Alexander L. Wilson, Arlington, Va., on brief for appellant.

Brian P. Gettings, U. S. Atty., and Gilbert K. Davis, Asst. U. S. Atty., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

William Larry Turner was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). He was sentenced to consecutive prison terms of fifteen and five years. We affirm.

On appeal Turner contends that (1) he was denied his fifth amendment right against self-incrimination when the trial court required him to don a wig and sunglasses to enable the jury to compare his physical appearance with photographs identified as those of the bank robber; (2) he was denied his rights to a fair trial and due process of law by the trial court's statement to the jury that he did not object to putting on the wig and glasses.

Several government witnesses who had observed the robbery testified that the hold-up man was wearing a wig and sunglasses. The wig was variously described as black, curly, Afro, and layered and the sunglasses as dark green or black. At the close of its case in chief the Government requested the court to require Turner to don a wig and sunglasses allegedly similar to the items worn by the hold-up man. Although none of the eyewitnesses identified these items as the ones used in the robbery, the trial court directed Turner to put on the wig and sunglasses so that the jury could compare his appearance with photographs of the robber taken by the bank camera on the day of the robbery and two days prior to the robbery.

While we note that the Government did not artfully lay the groundwork for this demonstration there was substantial evidence that the hold-up man was wearing a dark, curly wig and dark sunglasses similar to those used in the demonstration. Thus, the prosecution did establish a sufficient evidentiary basis for conducting the demonstration.

We find that the demonstration did not violate Turner's right against self-incrimination, because the evidence adduced was real or physical and not testimonial or communicative. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); United States v. Jones, 443 F.2d 1077 (4 Cir. 1971). Turner's statement while wearing the wig that "It's on tight" was in no way prejudicial or incriminating and did not invalidate the demonstration. The distinction which Turner attempts to draw between in-court demonstrations for the benefit of witnesses and those conducted for the benefit of the jury has no relevance to the issue of self-incrimination, since in both instances the jury observes the demonstration. The district court's references to Turner as "the witness," while inaccurate, certainly did not constitute reversible error.

■ Appellant's final contention is that his rights to a fair trial and due process were denied by this portion of the trial court's charge to the jury: "[H]e [the defendant] didn't object, but he would have been required to . . . put the . . . wig and the glasses on. . . ." Since appellant made no objection to this statement in the court's charge pursuant to F.R.Crim.P. 30 the statement, to constitute ground for reversal, would have to be plain error within the purview of F.R.Crim.P. 52(b). United States v. Smith, 435 F.2d 832 (5 Cir. 1970). We find no plain error affecting substantial rights of the appellant.

Affirmed.