**UNITED STATES of America, Appellee,**

v.

**Tyrone WILKINS, Appellant.**

**No. 72–1656.**

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1973.

Decided April 20, 1973.

324

John S. Steiner, St. Louis, Mo., for appellant.

J. Patrick Glynn, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and VAN SICKLE, District Judge.*

VAN OOSTERHOUT, Senior Circuit Judge.

Defendant Wilkins has taken a timely appeal from his conviction by a jury on a charge of bank robbery in violation of 18 U.S.C. § 2113(a) and the resulting sentence of fifteen years imposed, with authorization for early parole pursuant to 18 U.S.C. § 4208(a)(2).

Defendant urges he is entitled to a reversal by reason of alleged errors committed by the trial court in the following respects:

1. Denial of motion to suppress confession made by defendant to F.B.I. Agent Lummus.

2. Admission over objection to exhibits 7 and 8, photographs of defendant in the bank at the time of the robbery.

3. Denial of defendant's motion for judgment n. o. v. and alternate motion for a new trial.

We have carefully examined the record and find defendant's asserted errors lack merit. We affirm the conviction.

We will briefly summarize the underlying facts. Three eyewitnesses positively identified the defendant as the person who on April 19, 1972, entered the Mercantile Trust Company in St. Louis, Missouri, and placed a note before the teller Jean Hejlek reading "give me all the money", and thereby obtained $4100.00 including $500.00 in bait money. A bank official followed defendant out of the bank, observed him get into a car, and provided the police with the license number and a description of defendant's car. Such information was passed out by police radio. Officers on patrol shortly after receiving the radio message spotted and stopped defendant's car which met the description and arrested the defendant, and as an incident thereto seized $4100.00 in currency and the "give me all the money" note, all of which were in plain sight. The money recovered included the $500.00 currency which fully conformed to the description thereof on the bank's bait money list.

The Government made a strong case with respect to all essential elements of the offense. Defendant's defense and his testimony as a witness is that he was a drug user and was the victim of a drug-induced flashback or blackout, and that he had no recollection of any events occurring on the date of the bank robbery, and hence requisite criminal intent was not established.

The court held a proper pretrial evidentiary hearing on defendant's motion to suppress his confession. The testimony of the officers is that the Miranda warnings were given and understood by the defendant, that the defendant stated that he did not want an attorney, and that he would answer such questions as he chose to. There is no proof that any coercion was used. Defendant, after answering some questions, stated in substance that it was rather ridiculous to be questioning him about the bank robbery when it was obvious that he had robbed the bank and they had the money, the car and him.

* Sitting by designation.

■ Defendant's position and testimony on the suppression issue is that by reason of the drug flashback he had no recollection of any of the events of April 19. Several officers who observed the defendant testified that at the time of the arrest and at the time of the interview which resulted in the confession the defendant appeared to be normal and competent, and that he appeared to understand what was going on, and they observed no symptoms of the defendant being under the influence of drugs. The court on the record made was justified in determining the confession was voluntary and hence admissible.

Exhibits 7 and 8 are pictures of the bank interior showing defendant's presence in the bank leaving the cashier's cage, carrying a paper sack. Mrs. Hejlek testified that she activated the alarm on the floor of her cage which put into operation two bank cameras. She testified that the pictures offered disclosed what would be seen by the cameras at the time of the robbery and that the pictures accurately portrayed the bank interior and the defendant at the time of the robbery. The accuracy of the pictures portrayed is also vouched for by the bank manager who pointed to a calendar in the pictures showing an April 19 date.

■ Defendant objected to the introduction of the pictures on the ground that no proof was offered that the pictures were taken by the bank cameras and that no one testified that the film was removed from the cameras and that the pictures were produced from such film, and that the photographs should be excluded for lack of proper foundation for their admission. While evidence of the nature set forth in the objection, if available, might be properly offered and eliminate controversy, it is not essential that such evidence be produced when there is reliable evidence that the photographs offered represent what a camera did see at the time of the robbery. Mikus v. United States, 433 F.2d 719 (2d Cir. 1970); United States v. Hobbs, 403 F.2d 977, 978–979 (6th Cir. 1968); see 29 Am.Jur.2d, Evidence § 788.

The accuracy of the tendered exhibits with respect to all relevant matters was vouched for by at least two witnesses in a position to judge "whether the proffered photography is an accurate representation of the scene depicted." Mikus v. United States, supra, 433 F.2d at 725. The trial court on the record made did not abuse its discretion in receiving the photographs in evidence.

The trial court committed no error in denying defendant's motion for judgment n. o. v. based on defendant's motion for acquittal, on the ground that there is insufficient evidence to support a conviction. Defendant's principal contention is that the Government did not meet the burden imposed upon it to establish that the defendant had a specific intent to violate § 2113(a) and that he could not have had such intent because of a drug induced blackout. The Government, relying on United States v. Porter, 431 F.2d 7 (9th Cir. 1970), contends that specific intent is not an essential element of the crime here charged under the first paragraph of § 2113(a). We need not resolve the issue of whether specific intent to rob the bank is an essential element as the trial court gave an instruction requiring a finding of specific intent.[1] No exception was taken to such instruction.

1. The instruction reads: "Although a stupor due to the use of a some drug is not alone a defense, the fact that a person may have been in a state of drug induced stupor at the time of the commission of a crime may negative the existence of a specific intent. So evidence that a defendant acted or failed to act while in a stupor due to the use of some drug is to be considered in determining whether or not the defendant acted or failed to act with specific intent as charged. If the evidence in the case leaves the jury with a reasonable doubt, whether because of the degree of his drug induced stupor the mind of the accused was capable of forming or did form specific intent to commit the crime charged, the jury should acquit the accused."

The evidence must of course be viewed in the light most favorable to the prevailing party, here the Government. The lay testimony, particularly in situations where the psychiatric testimony as to incompetency is weak, ordinarily is sufficient to support a finding of specific intent to commit the crime charged. United States v. Leeper, 413 F.2d 123 (8th Cir. 1969).

Our examination of the record convinces us that there is substantial evidence to support the finding of specific intent as well as other essential elements of the offense charged.

With respect to defendant's motion for a new trial, we are convinced that defendant has not met the burden resting upon him to show that the trial court abused its discretion in denying his motion.

Judgment affirmed.