Tyrone **WILKINS**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 76–1208C(3).

United States District Court,
E. D. Missouri, E. D.

Jan. 21, 1977.

---

Tyrone Wilkins, pro se.

Barry A. Short, U. S. Atty., David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

WANGELIN, District Judge.

Tyrone Wilkins, a federal prisoner, commenced this action under 28 U.S.C. § 2255 *in forma pauperis* to vacate or set aside the sentence imposed by this Court. On October 3, 1972, following a jury trial, petitioner was convicted of bank robbery. He was sentenced to a term of fifteen years imprisonment under the provisions of 18 U.S.C. § 4208(a)(2). The conviction was affirmed on appeal. *United States v. Wilkins,* 477 F.2d 323 (8th Cir. 1973), *cert. denied,* 414 U.S. 843, 94 S.Ct. 103, 38 L.Ed.2d 81 (1973).

In support of his allegation that his sentence is invalid Wilkins alleges that "(a) Petitioner was never given a line-up for proper identification and was not identified until his date in court at counsel[']s table. (b) Petitioner alleges that counsel did not

move to dismiss the complaint as to allegation (a) above which establishes ineffective assistance of counsel. [This] [d]enied petitioner a fair trial." He further alleges that the Court of Appeals failed to notice these errors which are of constitutional magnitude.

The cardinal issue posed by petitioner is whether it was improper for him to be subjected to an eyewitness identification for the first time in court at trial. This identification, as a review of the trial transcript shows, was made by witness Hejlek, the bank teller from whom petitioner had taken the money. This witness testified to what the robber wore and identified a bank photograph of the robber. The government put in evidence petitioner's confession of guilt to an agent of the Federal Bureau of Investigation. Petitioner testified in his own behalf, denying any memory of the day on which the robbery allegedly occurred, but admitting that he "more than likely" did rob the bank.

As the United States argues, the claims raised by petitioner are not cognizable in a motion under § 2255, since the cardinal issue set out above is one involving the propriety of the admission of evidence, *i.e.* the admission of the in-court eyewitness identification. *Houser v. United States,* 508 F.2d 509, 515 n. 38 (8th Cir. 1974).

Furthermore, the admission of the in-court eyewitness identification was in no way improper. It is apparent from the trial record that witness Hejlek had an adequate opportunity to observe the robber upon which observation she identified the petitioner as the robber. There is no allegation that her in-court testimony was founded upon any unnecessarily suggestive pre-trial identification. *See, e.g., United States ex rel. Gonzales v. Zelker,* 477 F.2d 797 (2nd Cir. 1973), *cert. denied,* 414 U.S. 924, 94 S.Ct. 254, 38 L.Ed.2d 158 (1973); *United States ex rel. Phipps v. Follette,* 428 F.2d 912 (2nd Cir. 1970), *cert. denied,* 400 U.S. 908, 91 S.Ct. 151, 27 L.Ed.2d 146 (1970). *Cf., Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

There being no impropriety to the admission of such evidence, any failure of petitioner's counsel to seek dismissal did not deprive petitioner of competent counsel. Petitioner's claim of incompetency of counsel, therefore, must fail.

For the reasons set out above it is the opinion of the Court that petitioner's claims for relief are without merit and that the action must be dismissed with prejudice.